MEMORANDUM ***
“Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.” Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. *576 2000). Here, Louis Chiaramonte (“Chiaramonte”) presented no evidence that he was unaware of his injury, or that he acted with any diligence to investigate whether he had a claim under the Federal Employers’ Liability Act (“FELA”), 45 U.S.C. § 51, et seq. Therefore he is not entitled to equitable tolling: “The absolute lack of any effort on his part to inquire about available options defeats his equitable tolling claim.” See Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir.2006).
Chiaramonte also argues that his employer, Santa Cruz Big Trees & Pacific Railway Co. (“SCBT”), should be equitably estopped from asserting the statute of limitations against him because SCBT helped him to receive California workers’ compensation but did not inform him of his potential FELA claim. The equitable estoppel analysis “focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit.” Santa Maria, 202 F.3d at 1176. In order to assert equitable estoppel, the plaintiff must demonstrate both actual and reasonable reliance on the defendant’s conduct or representations. Id. It was unreasonable for Chiaramonte to assume that SCBT’s assistance with obtaining workers’ compensation indicated that no federal remedies were available. See Huseman, 471 F.3d at 1123-24 (finding same).
Accordingly, we AFFIRM.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.